IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**       :    **CASE NO. 1:10-CR-263**
:
**V.**                              :
:
**NEVILLE WAYNE THOMPSON**          :
*a/k/a* **NEVILLE REDMOND**         :
*a/k/a* **NEVILLE WAYNE ATKINSON**  :

# M E M O R A N D U M

## I.    Background

Before the court is a motion by Defendant, Neville Wayne Thompson, for a new trial and in arrest of judgment pursuant to Federal Rule of Criminal Procedure 33(b)(2) (doc. 39).  The motion is briefed and is ripe for disposition.

On September 15, 2010, a Grand Jury in the Middle District of Pennsylvania returned an indictment against the captioned defendant charging him as an alien against whom a final order of removal is outstanding and who willfully failed and refused to make a timely application in good faith for a travel and other document necessary for his departure from the United States and did connive, conspire, and take any other action, designed to prevent and hamper and with the purpose of preventing and hampering his departure from the United States.   All in violation of Title 8 United States Code, Section 1253(a)(1)(B) and (C).

Defendant was arraigned on September 29, 2010 before a United States magistrate judge.  Several motions for an extension to file pretrial motions and for a continuance of trial were filed.  On April 6, 2011, a motion for a non-jury trial was filed (doc. 31).  On April 20, 2011, this court advised Defendant of his right to a jury

trial, and received from Defendant a knowledgeable waiver of a jury trial; thereafter, a bench trial commenced.

On May 23, 2011, this court found Defendant guilty of hindering removal in violation of Title 8 U.S.C. § 1253(a)(1)(B)& (C).  This court issued a written memorandum (doc. 38) that set forth 23 findings of fact which were supported by citations to trial exhibits.  The written memorandum also set forth certain contradictions in Defendant's testimony.

## II.        Discussion

Defendant claims in his motion for new trial that the evidence was insufficient to support a verdict of guilty.  Specifically, he claims that because the school records from Erasmus Campus High School in New York showed he was enrolled under the name of Atkinson, that he always believed his last name was Atkinson, and that he was told his last name was Atkinson, it was his subjective belief he could not, in good faith, file an application for departure from the United States under the name of Thompson.  All of this, Defendant argues, undercuts the "willful" *mens rea* required by statute.  (Deft's Brief in Supp. (doc 40) at p. 3.)

In evaluating a challenge to a jury's verdict, the evidence is viewed in light most favorable to the Government.  *United States v. Quiles*, 618 F.3d 383, 395 (3d Cir. 2010).  Rule 33 provides that a district court "may vacate any judgment and grant a new trial if the interests of justice so requires."  *Id.* at 388.

As noted above, this court cited to 23 findings of fact, each supported by documents and testimony that have not been contradicted at trial nor refuted in the instant motion.  As the Government notes that

> [t]he interests of justice were served by the prosecution of this case and the verdict of this court.  The Government presented sufficient evidence at trial to prove beyond a

>     reasonable doubt that the defendant, by continuing to intentionally lie about his true identity as well as that of his real parents, willfully refused to make a timely application in good faith for a travel documents and did connive, conspire, and take any other action, designed to prevent and hamper his departure from the United States, all in violation of Title 8, United States Code § 1253(a)(1)(B) and (C).

(Govt's Brief in Opp. (doc. 41) at p. 5.)

      For the foregoing reasons, Defendant's motion for new trial will be denied.  An appropriate order will be issued.

                                                        s/Sylvia H. Rambo
                                                United States District Judge

Dated:  July 20, 2011.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | **CASE NO. 1:10-CR-263** |
| : | |
| **V.** : | |
| : | |
| **NEVILLE WAYNE THOMPSON** : | |
| *a/k/a* **NEVILLE REDMOND** : | |
| *a/k/a* **NEVILLE WAYNE ATKINSON** : | |

## **O R D E R**

**IT IS HEREBY ORDERED THAT** Defendant's motion for new trial and in arrest of judgment pursuant to Federal Rule of Criminal Procedure 33(a) (doc. 39) is **DENIED**. The United States Probation Office is directed to prepare the presentence investigation report.

                                                                             s/Sylvia H. Rambo
                                                                    United States District Judge

Dated: July 20, 2011.